22846.   MARSHALL, executrix, *v.* WALKER.

DECIDED JULY 11, 1933.

*R. C. Jenkins,* for plaintiff in error.

*S. T. Wingfield, Miles W. Lewis,* contra.

BROYLES, C. J.  The ruling in the 4th headnote alone will be discussed.  At the September term, 1932, of the superior court of Putnam county Mrs. Frances S. Marshall, as executrix of the

will of W. A. Andrews, brought suit against H. C. Walker. Her petition showed that she had been appointed as such executrix on July 5, 1932, by the ordinary of Baldwin county, acting for the ordinary of Putnam county. The defendant interposed the following demurrer: "1. The petition shows on its face that the plaintiff is not the legal and qualified executrix of the will of W. A. Andrews, in that the facts appear (from the so-called letters of executorship of which copy is attached to the petition, and from the judicial notice the courts will take of the fact that the plaintiff is ordinary of Putnam county) that the court of ordinary of Putnam county had no jurisdiction and power to appoint her as such executrix and that the ordinary of Baldwin county, presiding in said court of ordinary of Putnam county, had no such power and jurisdiction. 2. The petition shows that the plaintiff, being ordinary of Putnam county, can not act as executrix of a will probated in said county, and can not act as executrix of an estate being administered in her own court, and that, therefore, she has no power and authority to maintain this suit." The trial judge, who was the judge of the superior court of Putnam county, sustained the demurrer and dismissed the petition. In his order of dismissal the judge stated that "the courts will take judicial cognizance that the plaintiff, Mrs. Frances S. Marshall, at the time of her appointment as executrix of the estate of W. A. Andrews by the ordinary of Baldwin county, Georgia, on July 5, 1932, was and still is ordinary of Putnam county, Georgia."

While it was not apparent on the face of the pleadings that the Mrs. Frances S. Marshall who was the plaintiff in the suit was the same Mrs. Frances S. Marshall who was the ordinary of Putnam county, that fact was evidently known to the judge of the superior court of that county. It will be presumed that the plaintiff was in court when her case was called for trial, and that the judge saw her and knew that she was the ordinary of the county. It would be absurd to hold that the judge could not take judicial knowledge of such a fact, well known, not only to himself, but to all the court officials and lawyers in the court-room. We hold that the court properly dismissed the petition on the demurrer interposed.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*