## BERTOCH v. GAILEY et al.

No. 7309.  Decided July 26, 1949.  (208 P. 2d 953.)

See 26 C. J. S., Deeds, sec. 187. Delivery of deeds, see note, 162 A. L. R. 892. See, also, 16 Am. Jur. 498.

*J. D. Skeen,* Salt Lake City, *F. R. Bayle,* Salt Lake City, *Perry H. Burnham,* Salt Lake City, for appellant.

*Ray, Quinney & Nebeker,* Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff administrator sued to quiet title to land in Davis County. He alleged that at the time of the death of John E. Bodily, the latter was the owner in fee simple of the land in controversy. From findings and judgment decreeing that respondents Yamane are owners in fee simple, plaintiff appeals.

This property in dispute was conveyed to John E. Bodily by warranty deed dated January 23, 1926. On the same date, John E. Bodily and Mary Ann Bodily, his wife, mortgaged the property to Emeline Openshaw. On May 12, 1926, John E. Bodily executed a warranty deed, the grantee named therein being his wife, Mary Ann Bodily. Respondents claim record title under said latter conveyance. Plaintiff administrator challenges the validity of said deed, alleging that it was never delivered to grantee at any time prior to the death of John E. Bodily, which death occurred on September 1, 1930. The disputed deed was recorded on October 23, 1933, at the request of the grantee.

On April 8, 1929, nearly three years after execution of this disputed deed, John E. Bodily entered into an escrow agreement for the sale of the land to one Clifton B. Layton. While Mary Ann Bodily did not sign the escrow agreement, she joined in the execution of a warranty deed which was deposited in the escrow to be delivered to the purchaser in the event of complete performance. Said Clifton B. Layton went in default, and on June 20, 1932, he entered into a supplemental agreement with said Mary Ann Bodily, widow of said John E. Bodily, whereby the time for payment was modified, and he agreed to pay $5,000 prior to December 31, 1933. He also agreed that in default of such payment by said last mentioned date, a quitclaim deed dated June 20, 1932, executed by him and his wife as grantors to and in favor of Mrs. Bodily as grantee should be delivered to Mrs. Bodily and all interests claimed by him in said property should be forfeited. Said quitclaim deed was turned over

to Mrs. Bodily some time after December 31, 1933. While the date she received it is not shown, it was in her possession at the time of her death, although not recorded.

In 1936 said Clifton B. Layton was adjudged a bankrupt under Sec. 75, sub. s of the Federal bankruptcy act, 11 U. S. C. A. § 203, sub. s. The record does not disclose whether he listed the property here involved in his schedules. The taxes were delinquent from 1930 to 1936, and a tax deed was issued to Davis County. The mortgage to Emeline Openshaw was also in default, and Mrs. Bodily had no funds to satisfy the mortgage. In the meantime the mortgagee had died and by decree of distribution in her estate said mortgage had been transferred in trust to respondent John R. Gailey for the benefit of a legatee of the mortgagee. Said John R. Gailey was the escrow officer of the bank where the escrow papers hereinabove referred to had been deposited.

In the effort to liquidate the mortgage indebtedness, Gailey found a purchaser, respondent Leo H. Layton. On December 9, 1936, Mrs. Bodily conveyed the land by warranty deed to John R. Gailey who in turn consummated the sale to Leo H. Layton for $6,000. Leo H. Layton took possession at least by the spring of 1937. He continued in possession thereafter and paid all taxes assessed until 1944 when he and his wife sold the land to respondents Yamane who have since been in exclusive possession and have paid all taxes assessed. At no time since 1936 has Clifton B. Layton been in possession if he was in possession as late as said year. There is no evidence that any of the heirs of John E. Bodily have ever had any possession of said land.

Appellant makes three principal contentions: (1) That the warranty deed dated May 12, 1926, from John E. Bodily to Mary Ann Bodily, his wife, was void for want of delivery; (2) that respondents Leo H. Layton and Y. Yamane and wife took title and possession with knowledge of an outstanding interest of John E. Bodily and of a contract in-

terest of Clifton B. Layton; and (3) that respondents Leo H. Layton and Y. Yamane and wife could not have acquired title by adverse possession.

With respect to the first contention, there is no evidence which would compel a finding that the deed from John E. Bodily to Mary Ann Bodily, his wife, was never delivered during the lifetime of the grantor. Appellant argues that Mary Ann Bodily herself recognized her husband as the owner in 1929 when he signed the escrow agreement with Clifton B. Layton, by not signing such escrow agreement, although she signed the deed placed in escrow. Standing alone such fact does not negative a valid delivery of the deed in question. There is no evidence that any heirs of John E. Bodily ever challenged the validity of the deed. In fact, the administrator was appointed at the instance of Clifton B. Layton on the premise that he had a claim against the estate under the 1929 contract. It was Clifton B. Layton who signed the quitclaim deed in 1932 in connection with the supplemental agreement dated June 20, 1932, whereby he was granted until December 31, 1933, to pay $5,000. Said agreement was made with said Mary Ann Bodily, and by such agreement he recognized her ownership of the property and her right to receive the unpaid balance of the purchase price, or in default of such payment, her right to receive from the escrow holder the quitclaim deed.

The warranty deed from John E. Bodily to his wife, executed and acknowledged May 12, 1926, was recorded on October 23, 1933, at the instance of the grantee. Recordation of a deed duly executed, raises a presumption of delivery.

Appellant contends, however, that such presumption is overcome by evidence that the grantor died some time prior to recordation. There is no merit to such argument. As pointed out in *Chamberlain* v. *Larsen*, 83 Utah 420, 29 P. 2d 355, a deed duly executed and acknowledged by the grantor and shown to be in the possession of the grantee is presumed

to have been delivered by the fact of recordation, although the deed is not recorded until after the death of the grantor, and even in the absence of affirmative proof that the grantee had possession of the instrument prior to the death of the grantor.

There was some testimony to the effect that Clifton B. Layton saw among the escrow papers a deed in blank bearing the signature of John E. Bodily. Assuming the truth of such testimony, it would not require a finding that such blank deed was the particular deed in controversy and that it was completed in form subsequent to the death of the named grantor and backdated to May 12, 1926. The notary who executed the acknowledgment certificate to the deed here assailed testified that such deed was complete in all respects before he took the acknowledgment of the grantor, and that it was never altered. Appellant assumes that by making an averment that the deed was never delivered and by offering evidence which has no other ultimate effect than to create some suspicion, there was imposed upon defendants the burden of affirmatively proving actual delivery of the deed to the grantee. Since there was no issue as to valid execution, a presumption of delivery naturally followed by virtue of possession of the grantee particularly in view of the fact that she had the deed recorded. Under such circumstances, one who would overcome the presumption of delivery must produce competent evidence of non-delivery or show a conditional delivery with the conditions unfulfilled.

This case amply illustrates the necessity for the legal presumption of delivery of a duly executed deed subsequently recorded at the instance of the grantee. Title to real property would be insecure without such presumption.

There is no merit to the second contention. The fact that the deed was recorded after the death of the grantor would not be sufficient to put a purchaser on notice that the grantor claimed some interest in the property at the

time of his death. Since we hold that the legal title in fact was in the widow as grantee, the subsequent purchaser for value could not be on notice of a purported interest in the grantor, which, as shown above, did not in fact exist.

While appellant assails the findings of the trial court to the effect that defendants Yamane acquired title by adverse possession even if their record title had been vulnerable to attack, in view of our decision that the Yamanes acquired good record title, it will be unnecessary to discuss the third contention although the record clearly supports the findings of the trial court relative to such issue.

The decree of the district court is affirmed. Costs to respondents.

PRATT, C. J., and WADE and WOLFE, JJ., concur.

LATIMER, Justice, concurs in the result.