36864. HARTFORD ACCIDENT & INDEMNITY
COMPANY *et al. v.* MAPP.

DECIDED OCTOBER 17, 1957.

*John M. Williams,* for plaintiffs in error.

*O. W. Roberts, Jr.,* contra.

NICHOLS, J. The contention is made, and was made in the appeal to the superior court, that the *award* of the full board, which was affirmed by the superior court, is contrary to law because it was not concurred in by two members of such board. As shown in the foregoing statement of fact the *award* was issued on May 1, 1957, and signed by Director W. E. Buckner, that Arlie D. Tucker concurred in such *award,* and that Richard W. Best dissented.

"The courts of this State are bound to take judicial notice of who are the public officers of the State holding under commissions issued by the Governor." *Marshall* v. *Walker,* 47 *Ga. App.* 195 (3) (170 S. E. 267). See also *Bailey* v. *McAlpin,* 122 *Ga.* 616, 619 (50 S. E. 388). The members of the State Board of Workmen's Compensation are so commissioned. Code §§ 89-201, 89-202. This court is therefore bound to take judicial notice that prior to May 1, 1957, Arlie D. Tucker submitted

his resignation as a member of the State Board of Workmen's Compensation and requested appointment to the position of Director Emeritus, that this resignation was accepted effective as of April 30, 1957, and his commission to the position of Director Emeritus was made effective May 1, 1957, that William T. Dean was commissioned as a Director to succeed Arlie D. Tucker effective May 1, 1957, and that both appointees took their oaths of office on April 24, 1957. Under these circumstances the rule stated in *McCain* v. *Bonner*, 122 *Ga.* 842 (1) (51 S. E. 36) (where various events occur on the same date it will be presumed that they occurred in their proper chronological sequence), does not apply here where the two appointees were qualified and commissioned prior to the actual date on which their appointments were to take effect. When May 1, 1957, arrived Arlie D. Tucker was no longer a director, and at no time on May 1, 1957, was William T. Dean *not* a member of the State Board of Workmen's Compensation.

Unless a Director Emeritus of the State Board of Workmen's Compensation can participate in rendering an award by such board the award was not participated in by two members so as to render it a valid award of the board. Code § 114-703; *Hayslip* v. *Liberty Mutual Ins. Co.*, 72 *Ga. App.* 509, 510 (3) (34 S. E. 2d 319).

Section 4 of the Act of 1957 (Ga. L. 1957, pp. 215, 217), which act created the position of Director Emeritus, provides: "It shall be the duty of a Director Emeritus of the State Board of Workmen's Compensation to serve in an advisory capacity to the said State Board of Workmen's Compensation and to lend his advice and counsel concerning matters of administration of the Workmen's Compensation Act of Georgia, when called upon to do so by said Board; provided, however, that a Director Emeritus of the State Board of Workmen's Compensation shall not participate directly or indirectly in the hearing or the decision of any cases coming before said Board for decision." Therefore it is apparent that the *award* in the present case was not participated in by two *members* of the board, since Director Buckner voted for such *award* while Chairman Best, the only other member voting in the case, dissented from such award, and that such *award* is in fact no award at all. Accordingly, the

judgment of the superior court affirming such *award* must be reversed with direction that the case be remanded to the State Board of Workmen's Compensation so that an award may be entered on the appeal from the decision of the deputy director.

*Judgment reversed with direction. Felton, C. J., and Quillian, J., concur.*