**GOLD OIL LAND DEVELOPMENT CORPORATION, a corporation, Plaintiff and Respondent,**

v.

**Steven C. DAVIS and Kristi Ann Davis, his wife, Wade R. Davis and Mrs. Wade R. Davis, his wife, and Leo Bertagnole, a single man, Defendants and Appellants.**

**No. 16461.**

Supreme Court of Utah,

May 1, 1980.

Carolyn L. Driscoll, Salt Lake City, for Davis.

Grant M. Prisbrey, Salt Lake City, for Bertagnole.

Woodrow D. White, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Gold Oil Land Development Corporation sued to have declared invalid a deed to 12½ acres of land in the Salem Hills

area of Utah County which purported to convey the land to Leo M. Bertagnole. Upon trial to the court it found in accordance with plaintiff's contentions that there had been neither any consideration given nor a valid delivery of that deed. Defendants Davis, purported grantees from Bertagnole, appeal.

Plaintiff Gold Oil owned a tract of 142½ acres in the Salem Hills area of Utah County.[1] A part of that tract, 12½ acres, was involved in an option-purchase agreement by which International Mortgages, Inc. could buy that tract for $62,500. Through circumstances not necessary to detail here, defendant Steven C. Davis came into possession of a blank deed showing plaintiff Gold Oil as grantor. He filled in the description of the entire 142½ acres, and inserted the name of himself and his wife as grantees, then caused it to be recorded with the Utah County recorder. It is important to note that it was later acknowledged through Mr. Davis and his attorney that this deed of the entire tract to the Davises was not a valid conveyance, and they reconveyed the entire tract to plaintiff Gold Oil. The difficulties which gave rise to the present controversy derive from what happened in the meantime.

During the interim just referred to, defendant Steven Davis represented to officers of Gold Oil and of International Mortgages that instead of the sale of the 12½ acres to the latter for $62,500, he could sell it to defendant Leo M. Bertagnole for $125,000, with a proposed disposition of the proceeds favorable to all concerned, including $35,000 for Steven Davis. It was agreed that Davis could deliver a deed of the 12½ acre tract to Bertagnole, but only upon the condition that the latter paid the $125,000 therefor. The critical aspect of this case is that that transaction never did materialize. Mr. Bertagnole himself said that he had no interest in paying $125,000 for the 12½ acres. Mr. Steven Davis' version is that he was free to negotiate with Bertagnole, that they arrived at a price of $10,000 for that tract; that Davis delivered the deed to Bertagnole; and apparently as a reward for his good efforts therein, Mr. Bertagnole conveyed 10 acres back to Steven Davis and his wife, who in turn made the conveyance to his son Wade R. Davis and his wife.

■ Defendants place reliance upon the fact that the deed in question was duly acknowledged and recorded. With respect thereto we agree with these propositions advocated by them: that when a deed is duly acknowledged and recorded, there arise the presumptions that it was duly executed and that there was a valid delivery thereof;[2] and further, that those presumptions can only be overcome by clear and convincing evidence.[3]

Defendants urge that that burden was not met here. Whereas, the plaintiffs argue to the contrary: that as opposed to the presumptions relied upon by the defendant, the only credible evidence on the subject is that there was neither any consideration given for, nor any valid delivery of the deed.

The principal and fatal difficulty with defendant Davis' version is that the trial court simply did not believe it. We think there is small wonder that not much credit was placed in Davis' story that there was a bona fide transaction between himself and Bertagnole, which reduced to a mere $10,000 the price of property, which was dealt with in the option to International Mortgages at $62,500, and in his own proposal to sell to Bertagnole for $125,000. The resolution of the controversy is found in the fact that on the basis of the conflicting asser-

---

1. They had an option to purchase and can be regarded as owner for purposes of this decision.

2. See *Chamberlain v. Larsen*, 83 Utah 420, 29 P.2d 355 (1934); *Controlled Receivables, Inc. v. Harman*, 17 Utah 2d 420, 413 P.2d 807 (1966).

3. Id.; and see *Northcrest, Inc. v. Walker Bank and Trust Co.*, 122 Utah 268, 248 P.2d 692 (1952).

tions of these contesting parties, the trial court found in favor of the plaintiff.[4]

We see nothing in this record to persuade us to any other view than that of the trial court: that the purported conveyances to Davis, thence to Bertagnole, and back to Davis, was a plan contrived, or perhaps more aptly characterized as "connived," by Davis to obtain part of the property without paying therefor; and that inasmuch as Davis was never authorized to deliver the deed of the 12½ acres to Bertagnole, and Bertagnole never paid any consideration therefor, he received no title or interest in the property, and thus could convey none to defendants Davis. Consequently, the trial court was justified in quieting title in the plaintiff.

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

4. That what constitutes clear and convincing evidence is primarily for the trial court to determine, see *Child v. Child*, 8 Utah 2d 261, 332 P.2d 981 (1958).