Joyce H. LUND, aka Joyce Halley Lund, Plaintiff and Respondent,

v.

Bob DONIHUE and Dorothy Donihue, his wife, Fred L. Young and Elinore L. Young, his wife, and James Marinos, Defendants and Appellants.

No. 18683.

Supreme Court of Utah.

Nov. 14, 1983.

---

**7.** 22 Utah 2d 398, 454 P.2d 283 (1969).

**8.** Utah, 590 P.2d 328 (1979).

**9.** Utah, 606 P.2d 237 (1980).

**10.** *Supra* n. 2.

Grant G. Orton, Salt Lake City, for defendants and appellants.

1.  U.C.A., 1953, § 78–12–22.

2.  *Thornock v. Cook,* Utah, 604 P.2d 934 (1979): "The defendant cannot rely on mere allegations or denials ... to avoid a summary judgment ...."; *Clarkson v. Western Heritage, Inc.,*

Wallace D. Hurd, Salt Lake City, for plaintiff and respondent.

## PER CURIAM:

From a quiet title judgment for the plaintiff, holding that a judgment lien did not exist against the subject property by virtue of a judgment against her former husband (Francis) obtained by defendant Donihue, the latter appeals. Donihue asserts that his lien arose when he sued plaintiff's husband along with several others a second time and obtained judgment based on a previous federal court judgment against the same parties that had been outlawed by the eight-year limitations statute.[1] Before and partly during the eight-year time frame, the plaintiff and Francis had been married and jointly owned the subject property. However, on September 14, 1971, they were divorced and all of Francis' interest was awarded to plaintiff, accompanied by an order that Francis furnish her with a deed. This he allegedly did, the deed being thereafter lost or mislaid and hence not recorded.

On December 28, 1978, Donihue obtained a new judgment based on the prior outlawed federal judgment. These facts and those related below were incorporated in the affidavit of plaintiff filed in the present quiet title suit in support of her motion for summary judgment. Defendant filed an affidavit, but did not dispute the material facts sworn to in plaintiff's affidavit supporting the motion.[2]

Plaintiff's affidavit alleges that Donihue's new judgment was docketed in Davis County, situs of the property, on February 27, 1979, more than eight years after the federal judgment had been rendered and after it had become outlawed. The plaintiff's affidavit was supported by copies of the recorded public documents in both the federal and state courts.

Utah, 627 P.2d 72 (1981): "Our Rule 56(e) clearly requires an opposing affidavit in order to create a genuine issue of material fact, and does not permit a party upon his pleading to create a disputed fact issue."

To support his position, defendant cites *Gass v. Hunting*,[3] which actually destroys his claim of lien and which specifically says that "[a] new judgment would create a lien on realty owned by the judgment debtor at the time of the new judgment, but would not relate back to the interim between the new judgment and the expiration date of the old one."

The main authority upon which defendant relies, *Land v. Land*,[4] is not in point, since the award of the property in the divorce decree was a half interest to each party, not a whole to one of them as is the case here.

As to defendant's claim of nonrecordation of the deed from Francis incident to the divorce as basis for assertion of a lien by the new judgment, it is lacking in substance. The interest of Francis was at best a naked paper title, divested in the divorce action and awarded to his wife to which Donihue's claimed lien could not have attached whether the divorce decree, including the order of transfer or the deed, was recorded or not. Such conclusion is made clear in *Kartchner v. State Tax Commission*[5] which is consonant with the statement in Freeman's Treatise on Judgments[6] to the effect that "whenever one holds the naked legal title, having no beneficial interest, there is nothing to which the judgment lien can attach . . . ."

To the same effect is *Orton v. Adams*,[7] where we said that "[t]he lien of a renewal judgment attaches only from the date of the entry of the renewal judgment, and does not relate back to the date of the entry of the judgment thus renewed nor extend the lien of the first judgment."

The judgment is affirmed. Costs to plaintiff.

---

3. Utah, 561 P.2d 1071 (1977).

4. Utah, 605 P.2d 1248 (1980).

5. 4 Utah 2d 382, 294 P.2d 790 (1956).

6. 5th Ed., Sec. 956, at 2010.

7. 21 Utah 2d 245, 444 P.2d 62 (1968).