**BARLOW SOCIETY, a Utah non-profit corporation, Plaintiff and Appellant,**

v.

**COMMERCIAL SECURITY BANK, a Utah corporation, and Edmund O. Barlow and John Does 1–10, Defendants and Respondents.**

No. 20155.

Supreme Court of Utah.

July 31, 1986.

Grant G. Orton, Salt Lake City, for plaintiff and appellant.

Jeffrey L. Silvestrini, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff Barlow Society appeals from a summary judgment quieting title in Commercial Security Bank (CSB) to property which plaintiff claims it owned free and clear of CSB's judgment lien.

In reviewing a summary judgment, this Court will view the facts in a light most favorable to the party opposing the motion and will allow the summary judgment to stand only if the movant is entitled to summary judgment as a matter of law on the undisputed facts. Utah R.Civ.P. 56(c); *Bushnell Real Estate, Inc. v. Nielson,* Utah, 672 P.2d 746 (1983); *Aird Insurance Agency v. Zions First National Bank,* Utah, 612 P.2d 341 (1980). We hold that under the undisputed facts of this case, CSB was entitled to summary judgment as a matter of law.

On August 20, 1979, Edmund O. Barlow (Barlow) conveyed by warranty deed to Ballard and Midgley a fee simple absolute in a parcel of land owned by him. The conveyance included the northern portion of the parcel, which Ballard and Midgley were purchasing from Barlow, and the southern portion which was not to be sold to them. The parties agreed nonetheless that financing on the northern portion would be facilitated if the entire parcel were conveyed and that Ballard and Midgley would subsequently reconvey to Barlow the southerly ninety-foot portion of land (the south portion) when financing had been obtained.

On March 7, 1980, Barlow executed a quitclaim deed to the entire parcel to plaintiff. On November 28, 1980, Ballard and Midgley reconveyed to Barlow by warranty deed the south portion of the land as previously agreed.

On May 7, 1982, CSB obtained a money judgment in the amount of $11,516.38 against Barlow on an unrelated matter.

On June 23, 1982, Barlow executed a quitclaim deed to the south portion of the land to plaintiff as a correction deed.

On November 7, 1982, CSB executed on its judgment against Barlow. On December 8, 1982, the south portion was sold at sheriff's sale in full satisfaction of the judgment. Neither Barlow nor plaintiff redeemed the property after the execution sale.

Plaintiff thereafter sued CSB to invalidate the sale and to quiet title in plaintiff. This appeal followed from the trial court's ruling in favor of CSB. The issues raised on appeal are (1) did Barlow have any interest in the south portion on the date CSB became his judgment creditor; (2) had title ever vested in Ballard and Midgley because of lack of consideration; and (3) were the lien rights of CSB protected against real property to which Barlow purportedly held no more than a bare legal title. The underlying issue we must address is whether Barlow owned the south portion of the land when CSB obtained its judgment lien, and whether quiet title in CSB was therefore proper.

■ The warranty deed from Ballard and Midgley to Barlow reconveyed to him in fee simple absolute the south portion at issue here on November 28, 1980. Though the date of August 20, 1979, was typed in the deed, Midgley's unrebutted affidavit stated that he signed, executed, and delivered the deed on November 28, 1980, and the acknowledgment in the deed carries that date. A quitclaim deed does not convey after-acquired title. *Duncan v. Hemmelwright*, 112 Utah 262, 186 P.2d 965 (1947). Had Barlow conveyed all of his interest to the entire parcel to plaintiff by warranty deed, the subsequent reconveyance by Ballard and Midgley to Barlow of the south portion would have immediately vested title to it in plaintiff. U.C.A., 1953, § 57-1-10. The antecedent quitclaim deed to plaintiff on the other hand could not and did not divest Barlow of his subsequent fee simple absolute title to the south portion after reconveyance from Ballard and Midgley. Consequently, Barlow was the fee simple owner of the south portion on May 7, 1982, when CSB became his judgment creditor.

## I

■ Plaintiff first contends that Barlow did not own the property when CSB's judgment lien attached. The warranty deed of August 20, 1979, conveyed all of Barlow's right, title, and interest to the entire parcel to Ballard and Midgley. Barlow's quitclaim deed of March 7, 1980, to plaintiff had the effect "of a conveyance of all rights, title, interest and estate of the grantor in and to the premises therein described and all rights, privileges and appurtenances thereunto belonging, *at the date of such conveyance.*" U.C.A., 1953, § 57-1-13 (emphasis added). As Barlow had nothing left to convey, the quitclaim deed conveyed no interest to plaintiff. A grantee under a quitclaim deed acquires only the interest of his grantor "be that interest what it may." *Johnson v. Bell*, Utah, 666 P.2d 308 (1983); *Wallace v. Build, Inc.*, 16 Utah 2d 401, 402 P.2d 699 (1965).

## II

■ Plaintiff next assails the validity of the conveyance to Ballard and Midgley for lack of consideration. The warranty deed from Barlow to Ballard and Midgley describing the entire parcel was properly executed, acknowledged, and recorded on or about August 20, 1979. A presumption of valid delivery arises where the deed has been executed and recorded. *Baker v. Pattee*, Utah, 684 P.2d 632 (1984). Plaintiff had to overcome that presumption of delivery by clear and convincing evidence. *Gold Oil Land Development Corp. v. Davis*, Utah, 611 P.2d 711 (1980); *Bertoch v. Gailey*, 116 Utah 101, 208 P.2d 953 (1949). Barlow's own affidavit shows that Ballard and Midgley paid a consideration of $17,500 for the land refuting Barlow's claim that the conveyance was void for lack of consideration. Plaintiff's claim that the conveyance of the entire parcel was intended by the parties merely to facilitate financing

and was done to secure an obligation on the northern portion does not invalidate the conveyance. If valid on its face, the presumption is that the deed conveys fee title. *Battistone v. American Land & Development Co.*, Utah, 607 P.2d 837 (1980). Absent fraud, duress, mistake, or the like attributable to the grantee, a competent grantor will not be permitted to attack or impeach his own deed. *Desert Centers, Inc. v. Glen Canyon, Inc.*, 11 Utah 2d 166, 356 P.2d 286 (1960). As between the parties a deed is good, with or without consideration. *Brown v. Peterson Development Co.*, Utah, 622 P.2d 1175 (1980). Ballard and Midgley's payment of $17,500 and Barlow's willingness to convey the entire parcel to them, so that they could finance the purchase of the north portion, constituted adequate consideration to support the transaction between the parties, and the conveyance was valid.

### III

■ Plaintiff claims that at best Barlow conveyed a bare legal title to Ballard and Midgley when he conveyed the entire parcel, and that CSB's lien could not have attached because Barlow had quitclaimed all of his remaining interest in the property to plaintiff. *Lund v. Donihue*, Utah, 674 P.2d 107 (1983) (Per Curiam), *Belnap v. Blain*, Utah, 575 P.2d 696 (1978), and *Kartchner v. State Tax Commission*, 4 Utah 2d 382, 294 P.2d 790 (1956), are cited in support. None of the cited cases deals with the issues here under review. Both in *Lund* and *Kartchner*, the judgment creditor had attempted to place a lien against property of the judgment debtor's grantee after the debtor had conveyed to his grantee. In *Belnap*, a judgment creditor was denied a judgment lien against land conveyed to the judgment debtor's grantee on the ground that the encumbrances on the conveyed land exceeded the fair market value of the land, and the judgment debtor thus owned merely a bare legal title. This Court reversed, because the party attacking the validity of the lien had not presented any evidence that he satisfied the definition of a bare legal titleholder. That con-

cept requires a lienee to be the trustee of an express, constructive, or resulting trust, or an agent, or mere conduit for the transfer to the true owner.

Plaintiff contends, of course, that Ballard and Midgley were just that type of bare legal titleholders, that title was placed in them solely to enable them to procure a loan, after which they reconveyed to Barlow. Plaintiff then extends that argument, supported in dictum in *Belnap*, to arrive at the conclusion that Barlow upon reconveyance became the bare legal titleholder and conduit to plaintiff. There is nothing in the record to support such tortuous reasoning. Barlow was the fee simple absolute titleholder both before the conveyance to Ballard and Midgley and after their reconveyance to him. He was not a trustee of an express, constructive, or resulting trust for plaintiff, or agent, or mere conduit for the transfer to plaintiff. He quitclaimed whatever rights he had to the entire parcel to plaintiff after he had conveyed his fee simple title to Ballard and Midgley. CSB's judgment lien attached after Ballard and Midgley had reconveyed the south portion to Barlow in fee simple absolute and before he quitclaimed that interest to plaintiff. Title to the south portion therefore passed subject to the lien. U.C.A., 1953, § 78–22–1.

Affirmed.