Bonnie FERGUSON, Claimant in the Death of Ormand G. Ferguson, (deceased), Petitioner,

v.

ROCKWELL INTERNATIONAL CORPORATION; Travelers Insurance Company; the Industrial Commission of the State of Colorado; and Robert Husson, Director, Colorado Division of Labor for the Subsequent Injury Fund, Respondents.

No. 85CA1410.

Colorado Court of Appeals, Div. I.

Sept. 4, 1986.

Rehearing Denied Oct. 9, 1986.

Certiorari Denied (Ferguson) March 16, 1987.

Bruce H. DeBoskey, P.C., Bruce H. DeBoskey, Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, for petitioner.

Martinez & Allman, Robert L. Allman, Larry R. Martinez, Denver, for respondents Rockwell Intern. Corp. and Travelers Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Robert Husson, Director.

STERNBERG, Judge.

Claimant, Bonnie Ferguson, dependent of the deceased worker, seeks review of the order of the Industrial Commission purporting to affirm the decision of the hearing officer denying her claim for benefits. We affirm.

On September 19, 1985, the Commission issued an order in which it stated that one of the commissioners "recused himself from participating in determination upon [claimant's] petition," and that review of the hearing officer's decision was conducted by the remaining two commissioners. The order further provided:

"The Commission is evenly divided as to determination herein, whether by affirmation or by reversal. It is, therefore, ordered: that because the Commission is evenly divided on review, the decision of the hearing officer.... is affirmed...."

Claimant argues that this order is not valid, as it was not made by a majority of a quorum of the Commission, and urges we remand the case to the Commission (now the Industrial Claim Appeals Office) for a

decision agreed upon by two of three commissioners (now industrial claim appeals examiners).

Section 8–1–102(2), C.R.S., provides that a majority of three commissioners shall constitute a quorum to transact business and exercise the Commission's lawfully conferred power. Claimant concedes that a quorum was present here, but insists that both commissioners must agree on a decision for an order of the Commission to have effect.

Section 8–1–107(1)(f), C.R.S. (1985 Cum. Supp.) as then in effect directed the Commission to hear as an appellate board all appeals from any order, award, or decision of the director of the division of labor or any person through or by the director and to make decisions on these appeals. The Commission thus does not act as a *de novo* finder of fact, but as the first body in the appellate process. *Beech Aircraft, Inc. v. Reif,* 678 P.2d 1049 (Colo.App.1983).

It is a recognized rule in appellate practice that where the opinion of the reviewing body is equally divided, the judgment or order appealed from stands affirmed by operation of law. C.A.R. 35(e); *see Rice v. Sioux City Cemetery,* 349 U.S. 70, 75 S.Ct. 614, 99 L.Ed. 897 (1955). Colorado has long followed this rule. *See, e.g., State Department of Highways v. Biella,* 672 P.2d 529 (Colo.1983); *City & County of Denver v. Board of County Commissioners,* 145 Colo. 451, 359 P.2d 1031 (1961); *In the Matter of the Estate of Orton,* 144 Colo. 202, 355 P.2d 1089 (1960); *Craddock v. Craddock,* 90 Colo. 284, 8 P.2d 1112 (1932); C.A.R. 35(e). We see no reason not to apply the rule to the Industrial Commission.

In reaching this decision, we find persuasive the fact that, under §§ 8–53–111(7) and (9), C.R.S. (1985 Cum.Supp.), if the Commission had refused to take action to overturn the decision or otherwise failed to enter an order of reversal or affirmance, the order appealed from would be deemed final and affirmed within 60 days of the Commission's receipt of the certified record. Cases such as *Hartford Accident & Indemnity Co. v. Mapp,* 96 Ga.App. 517

100 S.E.2d 742 (1957) which hold an award such as made here to be "no award at all" are unpersuasive in the face of these statutory provisions.

■ If the Commission takes no action by this statute the findings of the referee would be final; *a fortiori* where, as here, action was taken to approve the conclusion of the referee the decision adopting the referee's conclusion should not be set aside. Thus, we conclude that the Commission's equally divided decision here operates to affirm the order.

Claimant also argues that in order for there to be a valid order by the Industrial Commission, it must either make its own findings of fact or specifically adopt the findings of the hearing officer. We do not agree.

■ Sufficient findings of fact must be made by the referee or hearing officer to make review possible. *See Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969). The Commission may not alter the evidentiary findings of the hearing officer if they are supported by substantial evidence, and it may reverse, affirm, or remand any order. Section 8–53–111(7), C.R.S. (1985 Cum.Supp.). The final order quoted above sufficiently discharged the Commission's duty here.

As claimant does not raise the issue of the sufficiency of the evidence supporting the hearing officer's denial of the claim, we do not address it here.

Order affirmed.

PIERCE and METZGER, JJ., concur.