Saundra BROWER and Frank Oscar Brower, Plaintiffs and Appellants,

v.

Dr. David W. BROWN, and I.H.C. Hospitals, Inc., a corporation, and I.H.C. Hospitals, Inc., a corporation, Valley View Medical Center, Defendants and Respondents.

No. 20553.

Supreme Court of Utah.

Sept. 10, 1987.

Rehearing Denied Nov. 1, 1987.

Russell A. Cannon, Salt Lake City, for plaintiffs and appellants.

Jody K. Burnett and Charles W. Dahlquist, II, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

Plaintiffs appeal from the trial court's order granting defendants' motion for summary judgment on the ground that the applicable statute of limitations barred plaintiffs' causes of action.[1] Justice Stewart did not participate in this matter. Judge Orme, Utah Court of Appeals, heard oral argument but was subsequently disqualified. Therefore, only four justices participated. Although a majority was reached as to plaintiff's claims against Dr. Brown, the Court has failed to reach a majority on plaintiff's claim against IHC. We are evenly divided, as appears from my opinion and that of Justice Zimmerman, and we must affirm the summary judgment on that issue. *See, e.g., Rice v. Sioux City Memorial Park Cemetery, Inc.,* 348 U.S. 880, 75 S.Ct. 122, 99 L.Ed. 693 (1954), *cert. dismissed,* 349 U.S. 70, 75 S.Ct. 614, 99 L.Ed. 897 (1955); *Ferguson v. Rockwell*

---

1. Plaintiff Frank Brower sued defendants for loss of consortium. Because that claim arises out of the same negligent conduct resulting in Saundra Brower's injuries and because the stat-ute of limitations at issue here affects both claims, we will refer to Saundra Brower's claim only.

*International Corp.,* 734 P.2d 131 (Colo. Ct.App.1986). The Court therefore reverses in part and affirms in part.

"In reviewing a summary judgment, this Court will view the facts in a light most favorable to the party opposing the motion and will allow the summary judgment to stand only if the movant is entitled to summary judgment as a matter of law on the undisputed facts." *Barlow Society v. Commercial Security Bank,* 723 P.2d 398, 399 (Utah 1986) (citations omitted). The following facts are those most favorable to plaintiff and are substantially undisputed in defendants' briefs.

On October 22, 1980, defendant Dr. David W. Brown (Dr. Brown) performed a hysterectomy on plaintiff Saundra Brower (plaintiff) at a hospital owned by defendant Intermountain Health Care (IHC). The purpose of the surgery was to correct plaintiff's endometriosis.

Plaintiff suffered a puncture wound in her right thigh while under anesthetic. After plaintiff left the recovery room, her sister and her husband observed blood coming from the wound. When asked about the wound, the anesthesiologist told her that the wound had not been present when plaintiff left the operating room. Plaintiff asked Dr. Brown what had happened, and he replied that he did not know, but would find out. Neither plaintiff nor her husband had any further conversation with Dr. Brown about the wound. Plaintiff testified, however, that one of the nurses told her that she had apparently received a "K shot," although the nurse did not know the reason for the injection. According to plaintiff's testimony, the nurse's explanation satisfied plaintiff and she made no further inquiry.

Following the operation, plaintiff experienced hot flashes and sharp pains in her abdomen. She discussed the problem with Dr. Brown, who gave her some vaginal cream and a hormone injection and then told her that he could do nothing more to help her. Plaintiff also testified that Dr. Brown had performed a hysterectomy on her sister and that her sister had suffered similar symptoms, although her sister's symptoms were not as severe.

In July 1981, plaintiff sought emergency medical treatment at the Kanab hospital for problems associated with a blood clot that had formed at the site of the puncture wound on her leg. Plaintiff testified that the doctors who treated her at the hospital told her that she had an action for malpractice due to the leg injury and also due to the hysterectomy and that they would substantiate her claims. They also told her that she should not have received a "K shot." Plaintiff testified that until this visit, she did not know of defendants' negligence as to either the hysterectomy or the puncture wound.

Plaintiff and her husband filed a notice of intent to sue defendants as required by Utah Code Ann. § 78–14–8 (1987), on February 16, 1983. Plaintiff and her husband filed their complaint on June 14, 1983. The trial court granted defendants' motions for summary judgment on the ground that the statute of limitations barred the claims of plaintiff and her husband.

A court may grant a party's motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). In this case, the trial court granted defendants' motions for summary judgment on the ground that plaintiff and her husband had failed to file the notice required in a medical malpractice action within the limitation period required by the statute.

The Utah statute of limitations for medical malpractice suits prohibits bringing an action against a health care provider if the plaintiff fails to bring the action "within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury...." Utah Code Ann. § 78–14–4 (1987). This Court has defined discovery of the injury as knowledge of a legal injury; that is, the plaintiff must know of the injury and of the negligence

which caused the injury. *Foil v. Ballinger*, 601 P.2d 144, 148 (Utah 1979).

In this case, plaintiff apparently does not dispute that she knew of the injuries at the time they occurred, but only that she did not know and should not have known that they were the result of negligence until she went to the hospital in Kanab for emergency treatment. According to plaintiff's argument, only the statement made by the doctor at the Kanab hospital provided her with sufficient information to recognize her legal injury. Defendants, on the other hand, argue that based upon the undisputed facts, plaintiff should have known of the negligence at the time the injuries occurred.

In *Christiansen v. Rees*, 20 Utah 2d 199, 436 P.2d 435 (1968), this Court held "that the question of whether the plaintiff commenced his action within four years after he knew, or should have known, of the presence of the surgical needle in his body is an issue to be resolved by the trier of facts." *Id.* at 202, 436 P.2d at 437. The existence of a statutory provision for a separate trial on the issue of the running of the statute of limitations in malpractice actions also supports the view that the determination of when the plaintiff should have discovered the legal injury is a question for the trier of fact. Utah Code Ann. § 78–12–47 (1987).

This provision meets the same policy concerns as a grant of summary judgment based on the expiration of a statutory limitation period. Like summary judgment, it eliminates the need for defendants to litigate stale claims on substantive grounds when the trier of fact ultimately finds that the statute has run; however, unlike summary judgment, it does not bar the trier of fact from making a factual determination as to the running of the statute. Thus, the interests of both parties are balanced better by the statutory provision than by the grant of summary judgment.

Although *Christiansen* states that the issue on appeal in this case is one of fact, defendants argue that based on the undisputed facts, plaintiff should have known as a matter of law that she had suffered a legal injury at the time the injuries occurred. Defendants rely on *Reiser v. Lohner*, 641 P.2d 93 (Utah 1982), to support their position.

The facts in *Reiser*, however, do not parallel those in this case. In *Reiser*, the plaintiff suffered a cardiac arrest during a routine procedure and continued to suffer adverse effects related to the cardiac arrest. The plaintiff's husband filed an affidavit stating that he believed the disorders arising from the cardiac arrest were temporary. This Court held that the affidavit "was not sufficient to raise an issue of fact. Furthermore, the very acknowledgment that his wife was suffering disorders as a result of the incident ... would show that plaintiffs *should have known* that they had suffered legal injury at the time of the cardiac arrest." *Id.* at 100.

Unlike *Reiser*, the plaintiff in this case alleges that she could not have known that Dr. Brown had negligently performed her hysterectomy or that the hospital had negligently given her an injection until another doctor informed her of the negligence. She did not merely allege that she thought her continuing symptoms were temporary.

Furthermore, I do not believe the facts in this case are clear enough to give rise to a conclusion that as a matter of law, plaintiff should have known of her legal injuries at the time they occurred. In her deposition, plaintiff testified that her sister had suffered similar symptoms after her hysterectomy. She also testified that she failed to investigate the puncture wound until the blood clot developed because the nurse's explanation at the hospital had satisfied her. However, other testimony in plaintiff's deposition suggests that she should have known of her legal injuries when the negligence occurred. As a result, the facts are unclear and do not give rise to the conclusion that as a matter of law, plaintiff should have known of her legal injuries at the time she suffered them.

In short, I believe that a genuine issue of material fact exists in this case: specifically, the determination of when plaintiff should have known of her legal injuries for purposes of determining the commencement of the statutory period. In my view, therefore, the trial court improperly grant-

ed defendants' motions for summary judgment.

HOWE, J., concurs.

ZIMMERMAN, Justice:

I agree with Justice Durham's opinion to the extent that it reverses the trial court's grant of summary judgment against plaintiff on her malpractice claim arising out of the hysterectomy. Whether plaintiff knew that she had been injured by the hysterectomy prior to her visit to the Kanab hospital in July of 1981 is a fact question.

I disagree, however, to the extent that Justice Durham would reverse the summary judgment with respect to plaintiff's claim arising out of the puncture wound. Justice Durham's opinion treats plaintiff's injury as though it were a unitary one involving both the puncture wound and the hysterectomy. In fact, the pleadings, depositions, and concessions of plaintiff's counsel at oral argument all indicate that the injuries alleged to arise out of the puncture wound are entirely unrelated to the injuries alleged to arise from the hysterectomy. While it may be that there is a factual question as to when plaintiff knew the hysterectomy had been done improperly and was causing her problems, there is no question on the record that on October 22, 1980, when plaintiff was wheeled out of the recovery room and saw blood spurting from the wound in her leg, she knew that she had received a puncture wound that was not part of her surgical procedure. She inquired about the wound and never received a satisfactory explanation as to how it occurred. This was enough, as a matter of law, to place her on notice that she had received a legal injury. Accordingly, I believe the trial court's summary judgment on this issue should be affirmed.

HALL, C.J., concurs.

STEWART, Associate C.J., does not participate herein.