75989. ATLANTA GENERAL TIRES, INC. et al. v. WILLIAMS.
(368 SE2d 333)

BANKE, Presiding Judge.

The claimant in this workers' compensation case, Daniel Lee Williams, was employed by Atlanta General Tires, Inc., on June 3, 1983, to work as a seasonal temporary warehouseman. On June 9, 1983, he sustained an injury to his left arm and shoulder while stacking tires on the employer's premises. As a result of this injury, the employer and its workers' compensation insurer, The American Insurance Company, began paying him benefits for temporary total disability. However, on July 12, 1983, they suspended payment of such benefits and filed a "notice to controvert payment of compensation," based on the fact that the claimant had been arrested and incarcerated on charges of rape and aggravated sodomy. The claimant was convicted of these offenses in November of 1983 and is currently serving a life sentence as a result of those convictions.

On February 28, 1986, a hearing was held before an administrative law judge to determine, among other things, "whether the employer/insurer suspended the payment of weekly income benefits for disability without justification." The administrative law judge ruled in favor of the employer/insurer on this issue, concluding that the claimant had "removed himself from being available to seek gainful employment due to his confinement for the felony convictions, and, consequently, the employer/insurer were justified in suspending benefits for total disability during the period that he remains incarcerated." The administrative law judge found the evidence to be in conflict with respect to "the extent, if any, of claimant's permanent partial impairment, which may be related to his compensable injury," but determined that a resolution of that issue would be premature so long as he remained incarcerated.

On appeal, the board, with one of its three members dissenting, reversed the administrative law judge, concluding that the employer/insurer had not been authorized to suspend the claimant's weekly income benefits on account of his incarceration. The board awarded the claimant back benefits from the date of the suspension and directed the employer/insurer to continue paying him benefits for temporary total disability "until further board order or [until the claimant's entitlement to income benefits was] changed by operation of law."

The dissenting director agreed that employer/insurer had a continuing duty to provide medical services to the claimant, stating that

"[m]edical attention though provided by prison physicians, should be the responsibility of employer/insurer and not [that of] the taxpayers of this state." However, he expressed the opinion that the claimant was not entitled to income benefits because his incarceration had prevented him from suffering any "economic disability" as a result of his injury.

On appeal to the superior court, the employer/insurer contended that the decision of the board was invalid because one of the two concurring directors, former Chairman Herbert T. Greenholtz, Jr., had resigned from the board effective August 31, 1986, whereas the decision had been issued on September 15, 1986. In response to this argument, the claimant submitted affidavits from former Chairman Greenholtz and from the board's secretary-treasurer, Mr. James Pullin, averring that the board had made its decision in the case prior to September 1, 1986. The secretary characterized the subsequent issuance of the written decision as being merely a "ministerial act providing a permanent record of the board's decision." The superior court affirmed the board's decision, and we granted the employer/insurer's application for a discretionary appeal to this court. *Held*:

1. In *Hartford Accident & Indem. Co. v. Mapp*, 96 Ga. App. 517 (100 SE2d 742) (1957), this court held that a workers' compensation award which was "issued" on May 1, 1957, was invalid where one of the two directors concurring in the decision had previously submitted his resignation effective April 30, 1957. We find that holding to be dispositive of the case before us. We reject the claimant's contention that, because the act of issuing a written memorandum of a decision previously reached by an administrative body may be characterized as a mere "ministerial function," it is the date the members actually make their decision which controls its validity rather than the date of its issuance. An identical argument was previously considered and rejected by this court in *Aetna Cas. & Surety Co. v. Barden*, 179 Ga. App. 442 (346 SE2d 588) (1986).

Legally speaking, no award existed prior to the time it was reduced to writing and filed in accordance with OCGA § 34-9-103. In this respect, the issuance of an award by the board is analogous to the rendition of a decision or judgment by a court of record. See generally OCGA § 9-11-58 (b); *Bloodworth v. Thompson*, 230 Ga. 628 (198 SE2d 293) (1973). While it is true that a decision reached by a judge may, in certain instances, acquire legal effect prior to the time it becomes official (so as, for example, to preclude the filing of a voluntary dismissal by a party to the action, see, e.g., *Guillebeau v. Yeargin*, 254 Ga. 490 (1) (330 SE2d 585) (1985)), the actual entry of the order or judgment clearly is itself an act requiring judicial authority. The appellee's reliance upon *Denton v. U. S. Fidelity &c. Co.*, 158 Ga. App. 849 (282 SE2d 350) (1981), is misplaced. The issue involved there was

not whether the members of the board had been duly authorized to enter an award on the date they did so but whether they had approved the settlement agreement on which their award was based prior to the issuance of the award. See *Aetna Cas. & Surety Co.*, supra at 444-445.

Pursuant to the authority of *Hartford Accident & Indem. Co. v. Mapp*, supra, the judgment of the superior court affirming the award of the board in this case is reversed, with direction that the case be remanded back to the board for the entry of an award concurred in by at least two existing directors. See generally OCGA § 34-9-46.

2. Because the board has not yet entered a legally valid ruling in the case, we are unable to address the merits of the underlying claim for compensation.

*Judgment reversed and case remanded with direction. Birdsong, C. J., McMurray, P. J., Carley, Pope and Sognier, JJ., concur. Deen, P. J., concurs in judgment only. Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

It is clear from the award issued September 15 and from the affidavits of Greenholtz and Pullin, the board's secretary/treasurer, that the issuance of the award was based on the decision made by the three-member board which heard and considered and voted on the case in August. The award itself shows: "Concurring: Chairman Herbert T. Greenholtz, Jr." As is apparently customary, when it was signed on September 15 it was signed only by Knowles, the third director who participated and voted in the case, acting for the board in affixing the signature authorizing issuance. Greenholtz did not, and did not have to, take any action after August 31 with respect to the decision. Everything he did was done while he was vested with authority. Likewise, there is no evidence that Knowles did not have the authority of the board as constituted on September 15 to issue the award memorializing the earlier decision made by the board members who heard and fully considered the case. To the contrary, the affidavit of the board's secretary/treasurer shows that the board intended the decision made by those members who vote on the case be its decision, even if a participant is no longer a member when the decision is reduced to writing and issued. The board as of September 15 apparently saw no need to rehear and reconsider the case simply because the resignation of one of the participating members had become effective in the meantime.

The statute provides that only two members are needed for "the rendering of any decision required . . . to be *made* by all of the members." OCGA § 34-9-46. That was done when Greenholtz was a director, and all three made the decision. The voting occurred before Greenholtz left. The statute does not contemplate that the formal en-

try or issuance of the award be done by a minimum of two members, because it specifically uses the word "made" and does not use or add "entered" or "issued." It does not require the signature of each. Obviously in this case, as no doubt in many, the decision is made (voted on) on a day earlier than the day the award is issued, as the latter must be reduced to writing and has effect from that day with respect to time limitations. Thus the issuance of the award, based on the August decision of the board, should be deemed valid.

Another saving approach is to view the order containing the award as nunc pro tunc the August voting, insofar as the "decision" is concerned, with Knowles acting for all three who voted on the case when he signed and issued the award. The record does not establish anything other than that the board intended the decision to be given effect.

All of the action in the case taken by Greenholtz having been taken when he was a member of the board, and the decision in the case having been "made" by three members, there is no violation of OCGA § 34-9-46 when the award is issued after a member leaves, barring any contrary action in the case by those authorized to act in the interim.

This does not conflict with *Hartford Accident & Indem. Co. v. Mapp*, 96 Ga. App. 517 (100 SE2d 742) (1957), because of the additional evidence here regarding the intention of the board, and because it is clear that all of Greenholtz' participation occurred while he was a member. Neither is *Aetna Cas. & Surety Co. v. Barden*, 179 Ga. App. 442 (346 SE2d 588) (1986), dispositive as it rules on a distinguishable set of procedural facts and other provisions of the workers' compensation law which are not applicable here.

It is proper to reach the merits of the issues in this case now, rather than remand it for the superior court to remand it to the board, for a decision which will because of the issues involved inevitably wend its way here again, at great cost to the parties and at great expenditure of judicial and administrative resources. A newly composed board will have to reconsider and vote on the case, when that has already been correctly done once by authorized members. We are addressing an award issued in 1986, involving alleged benefits commencing in 1983, and the "speedy, efficient, and inexpensive resolution" of this dispute should be provided, in the spirit of Ga. Const. 1983, Art. VI, Sec. IX, Par. I.

DECIDED MARCH 17, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*Michael J. Rust*, for appellants.

*David A. Cook*, for appellee.