## NIX et al. v. TOOELE COUNTY.

No. 6340.   Decided October 30, 1941.   (118 P. 2d 376.)

See 26 C. J. S., Deeds, sec. 118; 36 Am. Jur., 55.

*O. K. Clay* and *L. E. Kramer,* both of Tooele, for appellant.

*E. Leroy Shields,* of Salt Lake City, for respondents.

PRATT, Justice.

This action was commenced May 9, 1940. The property involved we shall refer to simply as sections 26 and 27. The pleadings are very general, and as they do not reflect the background of the case, we shall give only a brief discussion of them.

The action originated with William E. Nix as plaintiff. The gist of the complaint is found in paragraph 2 which reads:

"That between the 12th day of November, 1919, and the 4th day of September, 1939, the defendant became indebted in the sum of One Thousand One Hundred Eighty-seven and 71-100 ($1,187.71) Dollars for money had and received by the defendant from the plaintiff at the defendant's special instance and request. None of which said sum has been repaid to the plaintiff herein."

From plaintiffs' reply we gather that this indebtedness is supposed to have arisen out of the purchase of property by the plaintiff from Tooele County, the defendant, and from the payment of taxes upon that property, the total of the purchase price and taxes over the years from 1919 to 1939, equalling the $1,187.71 for which the action was maintained. We learn also from the reply that it is claimed the county did not have title to the property, which fact was unknown to both parties, and that the lack of such knowledge is considered by plaintiff as "an honest mutual mistake" which was not discovered until 1939. By reason of that alleged mistake plaintiff contends that the action is not barred by the statute of limitations as is claimed in defendant's answer. The answer also includes a denial of the indebtedness. The property involved is not described in the pleadings anywhere. It is alleged that the property was taken over by the State of Utah as belonging to the state.

During the course of the trial, the lower court, over defendant's objection, permitted plaintiff to substitute as

plaintiffs William E. Nix and Thomas Nix, partners doing business as Nix and Nix. The pleadings were not changed as to the allegations upon the merits of the case, but an order was signed by the court and filed after trial permitting the substitution.

The partnership was granted judgment for the $1,187.71; and the county has appealed the case.

The facts as disclosed by the exhibits and testimony are these: On November 12, 1919, Tooele County executed and delivered two quit-claim deeds to Willard G. Atkin, W. Frank Atkin, Wm. E. Nix, and Thomas L. Nix, one covering "State Certificate No. 11726" embracing the property in question in section 27, and the other covering the part of section 26 also in question here. In this last deed no reference is made to any certificate. The consideration for the first deed is recited as $198.69; and that for the second, $65.35. The grantees Atkin conveyed by quit-claim deed to the Tooele County State Bank. Nothing is said in this quit-claim deed about any certificate number. It was stipulated that the Tooele County State Bank conveyed to the Tooele County State Bank Depositors' Liquidating Association. The latter association conveyed by quit-claim deed to William E. Nix and Thomas W. Nix as partners doing business under the firm name and style of Nix and Nix Company. So much for the chain of title from the county to the plaintiffs as to the former Atkin interest in the deeds of November 12, 1919. The Nix interests in those deeds did not change, except that William E. Nix conveyed his one-fourth interest to his wife.

Evidence of the following facts was also introduced: On February 9, 1914, the Tooele County treasurer issued a certificate of tax sale which refers to the property in section 26 as "Cert. 11765, S½ of Section 26 * * *". The original tax sale records show that "certificate 11765" was the subject of assessment, not the half section itself. A similar tax certificate was issued in 1917 referring to the property as "Cert. No. 11765." The auditor's deed to the

county dated April 9, 1918, also included the certificate number. So much for section 26.

As to section 27 we find this: Two certificates of tax sale, one December 1917 and One December 1918, each refers to Certificate No. 11726; but there is no auditor's deed covering this property. The records of the State Land Board show as of May, 1935, the cancellation of certificates numbered 11726 and 11765, for nonpayment of the purchase price of the property. A total of $361.07 in taxes was paid over the years on the property in section 26, and a total of $562.60 was paid on the property in section 27. Those who made payments were: Thomas L. Nix, the Atkins, the partnership, and the Tooele County State Bank. It does not appear that William E. Nix paid any individually. His wife appears to have made payments.

We are of the opinion that the judgment in this case should be vacated and set aside.

In view of the fact that upon the merits of the case plaintiffs are not entitled to recover, we shall not say more of the defendant's objection to the lower court's authorizing a substitution of parties plaintiff.

Plaintiffs' title is founded upon quit-claim deeds. Such deeds do not imply the conveyance of any particular interest in property. See section 78-1-12, R. S. U. 1933, as compared with section 78-1-11, R. S. U. 1933. Plaintiffs acquired only the interest of their grantors, be that interest what it may.

We see no basis for claiming that there was "an honest mutual mistake" by both parties in believing that the county had title to the property, as distinguished from the certificates. The record title is strong evidence that all the county had, if it had anything, was title, through tax sale, to the State Land Board certificates. Plaintiffs were bound to know what that record disclosed, and it certainly could not mislead them to believing that the county had any title other than to the certificates.

Furthermore, plaintiffs, without assignments of claims for taxes paid by others, could not recover the taxes paid by those others. The quit-claim deeds in this case did not purport to assign any such claims.

The judgment of the lower court is vacated and set aside, and the cause remanded with directions to dismiss the action.

Costs to appellants.

MOFFAT, C. J., and LARSON, and McDONOUGH, JJ., concur.

WOLFE, Justice.

I concur. Under the circumstances of this case I consider the result correct. I am not sure that the result would apply to a case where the county wrongly sold the property when the tax had been fully paid. There may be a difference in the situation where property is wrongly sold because of failure correctly to assess or levy, yet a tax at all events is owing, and on the other hand the case where the property is exempt from taxes and the property wrongly sold. However this case presents no occasion for considering any such distinction.