Pannee Srisung MAPLE, Plaintiff
and Respondent,

v.

James C. MAPLE, Defendant
and Appellant.

No. 14888.

Supreme Court of Utah.

June 27, 1977.

George B. Handy, Ogden, for plaintiff
and respondent.

Donald C. Hughes, Jr., Ogden, for defendant and appellant.

CROCKETT, Justice:

Defendant, James C. Maple, appeals from findings and decree which declared the marriage between him and plaintiff, Pannee Srisung Maple, to be null and void, granted to the plaintiff a settlement of $1200, equivalent to the expenses necessary for the return to Thailand of herself and of her young son by her prior marriage. Neither the plaintiff nor the defendant contest the ruling thus terminating the marriage.

The only issue involved here is defendant's contention that since the marriage was annulled he should have no further obligation to the plaintiff; and that thus the award of $1200 settlement was in error and should be vacated.

Plaintiff is a native citizen of Thailand. She met defendant when he was serving in the U.S. Air Force there; and the parties were married at Korat, Thailand on March 27, 1973. Plaintiff had been previously married to a Thai national, and although there seems to be some confusion about the matter, not material to the issue here involved, it appears from the copy of her decree of divorce from her first husband, that it was dated May 22, 1973, and thus after her marriage to this defendant. The parties came to the United States in July of 1974. They have lived at several air force bases, the last one of which was Hill Air Force Base in Weber County, Utah.

 Defendant's counsel represents that he has gone to a great deal of trouble to determine and show that under the law of Thailand a marriage with one already married is a nullity. Rule 9, Utah Rules of Evidence provides that this can be done by obtaining a copy of the law and presenting it to the court.[1] But we do not see any difficulty here from failing to do so. The rule is that unless the law of a foreign jurisdiction is proved to be otherwise, it will be presumed to be the same as the law of the forum state.[2] Sec. 30–1–2(2), U.C.A. 1953, prohibits a marriage where either of the parties has a husband or wife still living; and Sec. 30–1–17.1, U.C.A.1953, allows a marriage to be annulled on this ground, as the trial court correctly ruled herein.

In arguing that the trial court committed error in making the award of $1200 when the marriage was annulled, the defendant and the authorities he cites fail to take cognizance of the change in our law relating to annulments effected by the enact-ment of Sec. 3(a), Chapter 65, S.L.U.1971 (in our Code as Sec. 30–1–17.2 U.C.A.1953), which provides:

> Actions to determine the validity of marriage—. . . *If* the parties have accumulated any property or acquired any obligations subsequent to the marriage, or *there is a genuine need arising from economic change of circumstances due to the marriage,* . . . *the court may make* temporary and *final orders,* and subsequently modify the orders, *relating to the parties, their property and obligations,* . . . and the support and maintenance of the parties, . . . *as* may be equitable. [Emphasis added.]

 It is obvious that the purpose of this statute was to enable the court to eliminate some of the hardships that had theretofore often resulted in such situations, by extending the equitable powers of the court to deal with problems relating to family living as the interests of justice may require, even though there may not have been a valid marriage.

 In justification of the action of the trial court the plaintiff needs to point only to the principal one: that she is now half way around the earth from her nativity and all that entails. The other side of the coin is that the defendant is released from the responsibilities of marriage, without any obligation as to alimony, except to pay the $1200 as a settlement. In reviewing the findings and order made pursuant to an annulment under the authorization of the statute quoted above, the rule of review by this court is the same as in other family problems. Due to the trial court's advantaged position and responsibilities, we indulge him considerable latitude of discretion and do not disagree therewith and upset his judgment unless it appears that there has been a plain abuse thereof.[3] We are not so persuaded here.

Affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. See also Rule 44(f), U.R.C.P.

2. *Noble v. Noble,* 26 Ariz.App. 89, 546 P.2d 358; *Nevins v. Nevins,* 129 Cal.App.2d 150, 276 P.2d 655.

3. *Wiese v. Wiese,* 24 Utah 2d 236, 569 P.2d 504 and cases therein cited.