Robin EDGAR, Plaintiff and Respondent,

v.

Eugene W. WAGNER, Marinette H. Wagner, aka Marinette H. Wassmer, and First Federal Savings and Loan Association of Salt Lake City, Defendants and Appellants.

Robin WIES, aka Robin Edgar, Plaintiff and Respondent,

v.

Eugene WAGNER, Defendant and Appellant.

No. 14991.

Supreme Court of Utah.

Dec. 7, 1977.

John W. Lowe, Salt Lake City, for First Federal.

Bill Thomas Peters of Tibbals & Staten, Salt Lake City, for Wagner and Wassmer.

Lawrence R. Peterson, Jr., Salt Lake City, for Edgar.

HALL, Justice:

Plaintiff initially brought an action to partition a house and for an account and distribution of the business of defendant Eugene W. Wagner known as Wagner's Orthopedic Supply Company, or in the alternative to recover for the value of services to said business. Defendant, Eugene W. Wagner, counterclaimed seeking removal of plaintiff's name from the house and for damages for conversion of personal property. Subsequently, plaintiff filed a second action alleging a void marriage and seeking apportionment of assets accumulated during the time she and defendant, Eugene W. Wagner, resided together as husband and wife.

The cases were consolidated for trial and upon conclusion thereof the court awarded plaintiff a one-third interest in the realty, outright ownership of certain furniture, the cash sum of $1,550 as her share of the business, and declared the marriage null and void. Defendants Wagner accept the determination as to the void nature of the marriage but appeal the award of anything at all to plaintiff, asserting that in order to do so the trial court necessarily gave recognition to an illegal, meretricious relationship in violation of public policy. With this we do not agree.

Plaintiff married defendant Eugene W. Wagner in 1969 knowing he was already married to one Erica Steinhilder who resided in Switzerland. She shared with him the operation and management of the orthopedic supply business, and during his absences in Switzerland and elsewhere had sole responsibility therefor, expending considerable time and effort therein without any compensation in the traditional sense. For a period of five months she was placed on a net salary of $310.00 per month, however, the total thereof ($1,550) was required to be "reinvested" in the business.

The house in question was purchased approximately one year after the "marriage" and title was taken by them in joint tenancy with defendant Marinette H. Wassmer, who Wagner subsequently married. All three of them resided together in the house until late 1973 when plaintiff moved out. She moved into an apartment which defendant, Eugene W. Wagner, admits he furnished. He further admits making a gift to plaintiff of some of the furniture, but claims to have reserved ownership in the balance.

The pleadings are framed in contract, or quasi-contract, and the fact that the trial judge found consideration passed for the conveyance of the real property reveals that he adopted the contract theory of the case rather than basing his award on equitable principles as found to exist in *Maple v. Maple*.[1]

The record supports the finding that consideration was given. Although the value and extent of plaintiff's services in the supply business are somewhat in dispute, there appears little doubt that she did in fact perform services therein from the very beginning of their relationship for which she received no monetary compensation. Both parties so testified and it was also supported by the numerous letters written by him to her during his absences when she was in full charge of the business.

The record further discloses that the down payment of $4,480 and the ensuing monthly payments on the realty were drawn on the checking account of the supply business. The trial court's award of a one-third interest in the house is further supported by basic property law. Title having been taken in joint tenancy (three owners) and partition not being feasible without great prejudice, plaintiff is entitled to a sale.[2]

The monetary award as plaintiff's "share of the business" is somewhat of a misnomer but is nevertheless sustainable. In reality, the award was merely a restoration of earnings. The court simply enforced the contract of employment, requiring defendant,

---

1. Utah, 566 P.2d 1229 (1977); See also U.C.A. 1953, 30–1–17.2 providing for equitable division of property upon annulment of marriage.

2. U.C.A.1953, 78–39–1.

Eugene W. Wagner, to pay over the sum agreed upon.

 In regard to the challenge to the ownership of the furniture there is substantial evidence in the record to support the trial court's conclusion that title thereto was in plaintiff and in accord with well-established rules of appellate review such shall not be disturbed.[3]

 Defendants' assertion that the court erred in not allowing a set-off for the value of improvements made on the realty after plaintiff vacated the premises is also without merit. That matter was not raised at trial and the trial court properly denied the motion for a new trial based thereon and did not abuse its discretion since that evidence was not newly discovered as the rule[4] requires. It was in fact fully available at the time of trial.

Judgment affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

3. *R. C. Tolman Const. v. Myton Water Assn.,* Utah, 563 P.2d 780 (1977).

4. Rule 59(a)(4), U.R.C.P.; *Lindsay v. Eccles Hotel Company,* 3 Utah 2d 364, 284 P.2d 477 (1955).