Eve A. SMITH, Plaintiff and Appellant,

v.

Walter Thomas SMITH, Defendant and Respondent.

No. 860096–CA.

Court of Appeals of Utah.

David S. Dolowitz, Parsons, Behle & Latimer, Salt Lake City, for defendant and respondent.

David E. West, Armstrong, Rawlings & West, Salt Lake City, for plaintiff and appellant.

Before BENCH, ORME and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Plaintiff appeals certain property division provisions of a decree of divorce.

Plaintiff Eve A. Smith and defendant Walter Thomas Smith were married in September, 1977. After a few years, the parties experienced difficulties in their marriage. In December, 1982, they separated and on January 10, 1983, plaintiff filed for divorce.

Trial was held in Third District Court on September 20, 1984. Prior to trial, the parties stipulated to a division of their personal property. No children were born to the marriage, and plaintiff requested no alimony. The main contested issue at trial was the disposition of the marital home.

### I

Shortly after the parties were married, plaintiff's elderly parents, Frank and Afton Armstrong, offered the couple an interest in one acre of the six acre homestead where the Armstrongs lived. The Armstrongs' intention in making the gift was to encourage the couple to build a home on the property so their daughter could live nearby and care for them.

Mr. Armstrong drafted a memorandum agreement under which the Armstrongs would convey to plaintiff and defendant jointly a one-half interest in the one acre lot. The Armstrongs retained the other one-half interest, but agreed to claim no monetary interest in any improvements to be built upon the property. They also retained a right of first refusal to purchase the property if it were ever offered for sale. Deeds to the property were executed in accordance with the terms of the agreement.

The parties obtained a construction loan and proceeded to build on the property. The bank loaned the parties $55,000.00 towards construction, but required the parties to add $10,000.00 to the total construction proceeds. Plaintiff contributed this $10,000.00 from her separate premarital funds. Defendant owned and operated a construction business through which he acted as the general contractor in the construction of the home.

At trial, the court found the value of the home, including the lot, to be $250,000.00. The court valued the one acre lot at $135,000.00; therefore, the parties' one-half interest therein was worth $67,500.00. The court found the home to be marital property and ordered it sold. The proceeds from the sale would be used first to pay the existing mortgage obligation, and then to pay the Armstrongs for their one-half interest in the lot and for their contributions to the home.[1] The remaining proceeds would then be distributed equally between the parties.

### II

Plaintiff argued at trial the $10,000.00 she contributed to the construction proceeds came from funds acquired prior to

---

1. During the marriage, Mr. Armstrong paid $3,521.00 in property taxes on the home, $3,500.00 for the installation of a water line, and $600.00 for sod. This portion of the decree is not in issue on appeal.

the marriage and should be reimbursed out of the sale proceeds before the balance was evenly divided. In response, defendant testified his company contributed approximately $31,000.00 to the construction of the home, in addition to his labor. The court found both sums to be ordinary contributions to developing the marital estate and made no adjustments because of these expenditures.

■ On appeal, plaintiff contends the trial court erred in classifying as marital property her $10,000.00 contribution to the construction account. Unless a clear abuse of discretion is shown, this court will not disturb the findings of a trial court in a divorce action. *Boyle v. Boyle*, 735 P.2d 669 (Utah App.1987). The trial court found plaintiff's contribution, and defendant's company's contribution, to be part of the normal use of funds by a married couple during the course of their marriage. Especially since plaintiff's contribution was exceeded by the one reasonably imputed to defendant, we find no abuse of discretion and therefore find no error in the trial court's disposition of plaintiff's $10,000.00 contribution.

### III

At trial, plaintiff also argued the one-half interest in the lot, or $67,500.00, was not a marital asset, but rather a gift to plaintiff or, in effect, an advance on her inheritance. Hence, she claimed, the interest in the lot should be awarded to her as separate property. Defendant contended that since the lot was deeded to both plaintiff and defendant, it should be treated as marital property.

Plaintiff's counsel called Mr. Armstrong as a witness and attempted to ask him why he made the deed to both his daughter and defendant, her husband. Defendant objected based on the parol evidence rule. The court, after hearing arguments of counsel, sustained defendant's objection and excluded Mr. Armstrong's testimony.

Upon the court's ruling, plaintiff made an offer of proof that had Mr. Armstrong been permitted to respond, he would have testified the gift was really to his daughter but was made to both parties solely at his daughter's request for financing purposes.

Other than to assist with financing and the fact defendant was married to his daughter, Mr. Armstrong had no reason to make such a large gift to defendant.

Plaintiff contends the trial court erred in classifying as marital property the couple's one-half interest in the lot. She argues the court erred in applying the parol evidence rule to exclude her father's testimony as to his intentions behind the gift of the lot. In sustaining defendant's objections to Mr. Armstrong's testimony, the court ruled:

> It appears to me ... the Memorandum of Agreement which has been referred to here between Mr. and Mrs. Armstrong and the parties in this action, seeks to set forth the understanding of the parties behind the conveyances in question, and unless it can be established initially that there is some lack of clarity or some ambiguity in that agreement, that I am compelled to sustain the objection regarding parole (sic) evidence. It appears to me that the language of the agreement is rather straightforward and clear on its face.... It is therefore my determination that the objection as to parole (sic) evidence regarding the reason why seems to go behind the four corners of the agreement which has been received as an exhibit, and therefore I'm going to sustain the objection.

In its findings, the court then states:

> A gift was made by Mr. and Mrs. Frank Armstrong to the plaintiff and defendant of an undivided one-half interest in the real property on which their home was built. The court finds *from the written documents evidencing such gift*, that it was a gift to both parties and should be considered as marital property. (Emphasis added.)

■ We conclude the trial court erred in excluding Mr. Armstrong's testimony. The Utah Supreme Court has held, "Parol evidence is admissible to show the purpose and intent of parties to a deed." *Bown v. Loveland*, 678 P.2d 292, 297 (Utah 1984). A trial court is not bound by the state of title to marital property in its distribution of property. Rather, the court has power "to make such distributions as are just and equitable...." *Workman v. Workman*, 652 P.2d 931, 933 (Utah 1982) (citing *Jack-*

*son v. Jackson,* 617 P.2d 338, 340–41 (Utah 1980). Utah Code Ann. § 30–3–5(1) (1986) states, "When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, and parties." The Utah Supreme Court has consistently interpreted this statute as conferring "broad discretion upon trial courts in the division of property, regardless of its source or time of acquisition." *Burke v. Burke,* 733 P.2d 133, 134–35 (Utah 1987).

We therefore remand the matter for further proceedings consistent with this opinion. On remand, the trial court should take into consideration the principles of equity outlined in *Burke* where the Court states:

> Premarital property, gifts, and inheritances may be viewed as separate property, and in appropriate circumstances, equity will require that each party retain the separate property brought to the marriage. However, the rule is not invariable. In fashioning an equitable property division, trial courts need consider all of the pertinent circumstances.

733 P.2d at 133. (Citations omitted.) Some of the circumstances more pertinent to the instant case which the court lists include the kind of property to be divided, the source of the property, whether one spouse has made any contribution toward the growth of the separate assets of the other spouse, and whether the assets were accumulated or enhanced by the joint efforts of the parties. *Id.*

Nothing in this opinion should be taken to mean that the trial court, if it decides to alter its disposition of the real estate, is precluded from adjusting the balance of its decree as may be necessary to assure an end product which is in all respects just and equitable.

Remanded. No costs awarded.

ORME and GREENWOOD, JJ., concur.