2014 UT App 150

**DURBANO & GARN INVESTMENT COMPANY, LC, Plaintiff and Appellant,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY, Defendant and Appellee.**

No. 20120943–CA.

Court of Appeals of Utah.

June 26, 2014.

---

Jacob D. Briggs, Douglas M. Durbano, and L. Miles LeBaron, for Appellant.

Ronald G. Russell and Matthew J. Ball, for Appellee.

Judge GREGORY K. ORME authored this Opinion, in which Judge MICHELE M. CHRISTIANSEN and Senior Judge RUSSELL W. BENCH concurred.[1]

## Opinion

ORME, Judge:

¶ 1 Durbano & Garn Investment Company filed a title insurance claim based on a title discrepancy on property that it previously owned. When First American Title Insurance Company denied its claim, Durbano & Garn sued. The district court ruled in favor of First American on the parties' cross motions for summary judgment and denied Durbano & Garn's motion for leave to amend its pleadings. We affirm.

## BACKGROUND [2]

¶ 2 In 1993, Durbano & Garn purchased a parcel of real property (the Proper-

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. In reviewing a district court's decision to grant or deny summary judgment, we view "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving par-

ty). First American issued a title insurance policy to Durbano & Garn in connection with this purchase. The policy listed Durbano & Garn as the insured.

¶ 3 The next year, Durbano & Garn decided that it would no longer buy and sell real estate. As part of its change in operations, Durbano & Garn executed a quitclaim deed to the Property in favor of Durbano Properties. In 2002, approximately eight years after receiving the Property, Durbano Properties contracted to sell it. Prior to closing the sale, however, Durbano Properties discovered that an adjacent property owner held superior title to a strip of land that Durbano Properties believed was part of the Property. This strip of land was included in the property description in the deed given to Durbano & Garn, in the title policy that First American furnished to Durbano & Garn, and in the deed that Durbano & Garn gave to Durbano Properties. The real estate contract was amended to delete the strip of land from the property to be conveyed, and Durbano & Garn filed a claim with First American. When First American denied the claim, Durbano & Garn sued for breach of contract.

¶ 4 After discovery, Durbano & Garn moved for summary judgment, and First American responded with its own motion for summary judgment. Durbano & Garn also moved to amend its pleadings to add Durbano Properties as a plaintiff. The district court ruled on all three motions in a single order. The district court determined that Durbano & Garn's coverage under the policy terminated in 1994 when it conveyed the Property to Durbano Properties. The court therefore concluded that Durbano & Garn lacked standing to sue on the contract and ruled for First American on the parties' cross motions for summary judgment. The district court also denied Durbano & Garn's motion to amend the pleadings, concluding that it would be futile to add Durbano Properties as a plaintiff because Durbano Properties was never insured under the policy. Durbano & Garn appeals.

ty." *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993). Because the district court ultimately granted First American's motion for summary judgment and denied Durbano & Garn's,

## ISSUES AND STANDARDS OF REVIEW

 ¶ 5 Durbano & Garn challenges the district court's interpretation of the title insurance policy. "Interpretation of an insurance contract presents a question of law." *Viking Ins. Co. v. Coleman,* 927 P.2d 661, 663 (Utah Ct.App.1996). Thus, we " 'accord the trial court's legal conclusions regarding the contract no deference but review them for correctness.' " *Id.* (quoting *AOK Lands, Inc. v. Shand, Morahan & Co.,* 860 P.2d 924, 925 (Utah 1993)).

 ¶ 6 We review the district court's ultimate grant or denial of summary judgment for correctness. *Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600. And we review the court's "denial of leave to amend for an abuse of discretion." *Hudgens v. Prosper, Inc.,* 2010 UT 68, ¶ 15, 243 P.3d 1275.

## ANALYSIS

### I. Durbano & Garn Is Not Insured Under the Policy.

 ¶ 7 Durbano & Garn first contends that the district court "should have concluded that Durbano & Garn retained its status as an 'insured' under the Policy. We disagree.

¶ 8 The policy provided that Durbano & Garn would retain coverage only so long as it "retain[ed] an estate or interest in the land" or so long as it had "liability by reason of covenants of warranty" made upon transfer of its interest. When Durbano & Garn conveyed the Property to Durbano Properties by quitclaim deed, Durbano & Garn retained no interest in the Property and made no warranties to Durbano Properties. *See Black's Law Dictionary* 477 (9th ed.2009) (defining a quitclaim deed as a "deed that conveys a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid"). *See also Johnson v. Bell,* 666 P.2d 308, 312 (Utah 1983) ("A grantee under a quitclaim deed acquires only the interest of his grantor 'be that interest what it may.' ")

we recite the facts, which are essentially undisputed, in the light most favorable to Durbano & Garn.

(quoting *Nix v. Tooele County,* 101 Utah 84, 118 P.2d 376, 377 (1941)). Therefore, by the terms of the policy, Durbano & Garn's coverage ended in 1994 when it conveyed the Property to Durbano Properties through a quitclaim deed.

## II. Durbano Properties Was Not Insured Under the Policy.

■ ¶ 9 Durbano & Garn also argues that the district court erred in concluding that "Durbano Properties never obtained or acquired any rights under the Policy" and that it would therefore be futile to amend the complaint to add Durbano Properties as a plaintiff. The title insurance policy defines "insured" as the person or entity named in the policy—Durbano & Garn—and "those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors." Durbano & Garn contends that Durbano Properties is insured under the policy because it obtained its title by operation of law, either as a distributee or as a corporate successor. We disagree.

■ ¶ 10 "Title insurance is an unusual type of insurance.... [I]t is not a recurring policy: There is only a single premium, and a title insurance policy written on behalf of an owner theoretically remains outstanding forever to protect him or her from claims asserted by others." *Black's Law Dictionary* 875 (9th ed.2009) (citation and internal quotation marks omitted). Therefore, parties to a title insurance contract "are free to define the exact scope of the policy's coverage and may specify the losses and encumbrances the policy is intended to encompass." *Pacific Am. Constr. v. Security Union Title,* 1999 UT 87, ¶ 5, 987 P.2d 45 (citation and internal quotation marks omitted).

■ ¶ 11 "Insurance policies are generally interpreted according to rules of contract interpretation." *Utah Farm Bureau Ins. Co. v. Crook,* 1999 UT 47, ¶ 5, 980 P.2d 685. As with ordinary contract interpretation, we "look to the writing itself to ascertain the parties' intentions." *Jones v. ERA Brokers*

*Consol.,* 2000 UT 61, ¶ 12, 6 P.3d 1129. And we "interpret words in insurance policies according to their usually accepted meanings and in light of the insurance policy as a whole." *Utah Farm Bureau,* 1999 UT 47, ¶ 5, 980 P.2d 685.

¶ 12 While the terms "distributee" and "corporate successor" might be susceptible to multiple interpretations when taken in isolation, a "'word is given more precise content by the neighboring words with which it is associated.'" *Thayer v. Washington County Sch. Dist.,* 2012 UT 31, ¶ 15, 285 P.3d 1142 (quoting *United States v. Williams,* 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008)). "That several items in a list share an attribute counsels in favor of interpreting the other items as possessing that attribute as well." *Beecham v. United States,* 511 U.S. 368, 371, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). Here, all of the neighboring words listed in the policy—heirs, devisees, survivors, personal representatives, next of kin, and fiduciary successors—are descriptive of one who "succeed[s] to the interest of the named insured" regardless of the successor's intent.

¶ 13 And while this type of transfer is generally not complete absent some affirmative act on the part of the successor—e.g., accepting delivery of an executor's deed to effect a devise of property as called for in a will—the underlying rights and obligations to the property or interest "come to the transferee without any act or cooperation on [its] part." *See Aurora Credit Servs., Inc. v. Liberty West Dev., Inc.,* 970 P.2d 1273, 1277 (Utah 1998) (defining "operation of law") (alteration in original) (citation and internal quotation marks omitted). *See also Black's Law Dictionary* 1201 (9th ed.2009) (defining "operation of law" as the "means by which a right or a liability is created for a party regardless of the party's actual intent"). Because the underlying rights and obligations devolve automatically by operation of law, the modest steps required to complete the transfer are merely confirmatory.

¶ 14 Durbano & Garn contends that even under this reading of "distributee" or "corporate successor," Durbano Properties took the

Property by operation of law because it succeeded to Durbano & Garn's interest by virtue of a corporate dissolution. But Durbano & Garn does not point to any evidence, aside from several indistinct references in an affidavit submitted by a principal in Durbano & Garn, that Durbano & Garn was ever actually dissolved or that Durbano Properties was a shareholder of Durbano & Garn. Nor does it explain how, as such a shareholder, Durbano Properties would be entitled to succeed by operation of law to all of Durbano & Garn's right, title, and interest in the Property. In the absence of a demonstrated dissolution, the transfer of a deed in this case evidences an agreement between the parties to voluntarily convey the Property rather than suggesting a merely confirmatory act memorializing a transfer that had already occurred by operation of law. Therefore, on the record before us, it cannot be concluded that Durbano Properties succeeded to the interest of Durbano & Garn by operation of law as either a distributee or corporate successor as those terms are used in the policy, and the district court did not abuse its discretion in concluding that it would be futile for Durbano & Garn to amend its complaint to add Durbano Properties as an additional plaintiff.

## CONCLUSION

¶ 15 We affirm the district court's ruling in favor of First American on the parties' cross motions for summary judgment because Durbano & Garn ceased to be insured under the policy in 1994 when it transferred the Property by quitclaim deed to Durbano Properties. Additionally, we affirm the district court's denial of Durbano & Garn's motion to amend because Durbano Properties was never insured under the policy and it therefore would have been futile to add it as a plaintiff.