**Helen LAYTON, Plaintiff and Respondent,**

v.

**Donald LAYTON, Defendant and Appellant.**

**No. 870378–CA.**

Court of Appeals of Utah.

July 5, 1989.

Don Layton (argued), Salt Lake City, pro se.

Jane Allen (argued), Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, BENCH, and BULLOCK,[1] JJ.

## OPINION

### J. ROBERT BULLOCK, Judge:

The defendant appeals from an order of the district court dividing property owned by unmarried cohabitants at the end of their relationship.

Donald and Helen Layton lived together and held themselves out to be husband and wife for many years, although they were never legally married. Four children were born to "the Laytons," the youngest of whom is a mentally handicapped child of about 18 years.

During their life together, the parties both worked fulltime in the same business endeavors, such as felling trees; acquiring, renovating, renting, and selling real property; picking and selling raspberries; and a variety of other pursuits. Title to most of their relatively extensive property holdings is in cotenancy;[2] however, title to some parcels is in Donald's name alone, and one parcel acquired in part with joint funds appears to be in Helen's name alone. Helen sued for divorce in 1983 and later amended her complaint to add a claim for partition. The district court concluded that the parties' relationship was a marriage as defined in Utah Code Ann. § 30–1–4.5 (1989), and that their assets could therefore "be divided according to the equitable principles governing divorce actions." A decree was accordingly entered dividing the property. Neither alimony nor divorce is mentioned in the decree. Custody of the handicapped child was awarded to Helen, who was also awarded child support of $200 per month.

Donald challenges the division of property on appeal. He argues, in effect, that there is no legal basis for awarding any property to Helen, that their relationship cannot be treated as a marriage, and that Helen relinquished her rights to the cotenancy property awarded her as evidenced by an unsigned, undated note, which appears to be in Helen's handwriting. The note reads: "I hereby relinquish all claim to all property in the name of Don Layton [and] Helen Layton." Donald also argues against the custody award.

In reviewing the property division, we turn first to a consideration of the trial court's conclusion that the Laytons' relationship could be treated as a marriage according to Utah Code Ann. § 30–1–4.5, which recognizes as a marriage a relationship between cohabitants if the relationship satisfies certain specified criteria. Before adoption of section 30–1–4.5 in 1987, Utah did not recognize an unsolemnized relationship as a marriage, even though the parties to the relationship may have acted in other respects as spouses.[3]

The complaint in this case was filed in 1983, about four years before section 30–1–4.5 was enacted. Since that section affects the substantive rights of the parties, and absent a contrary provision by the legislature in enacting it, it has only prospective, and not retroactive, effect.[4] Thus, the trial court mischaracterized the Laytons' relationship as a marriage.

Helen suggests alternative grounds, besides marriage, for sustaining the trial court's award of property to her. As illustrated by cases in this jurisdiction as well as in others, an equitable division of prop-

---

1. J. Robert Bullock, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(1)(j) (1987).

2. We use the term "cotenancy" in this case to refer to either joint tenancy or tenancy in common, since the distinctions between the two are not material in this case.

3. *Mattes v. Olearain,* 759 P.2d 1177, 1181 (Utah App.1988).

4. *Madsen v. Borthick,* 769 P.2d 245, 253 (Utah 1988); *Stephens v. Henderson,* 741 P.2d 952, 953–54 (Utah 1987); *Carlucci v. Utah Industrial Comm'n,* 725 P.2d 1335, 1336–37 (Utah 1986).

erty accumulated by unmarried cohabitants has been sustained upon finding a partnership,[5] contract for services,[6] and/or a trust.[7] However, none of these theories was pleaded in this case or appears to have been sufficiently pursued in the proceedings before the trial court. Helen requested partition in her amended complaint, but only in a generalized fashion and without the supporting information on the status of title required by Utah Code Ann. § 78–39–2 (1987).[8] There are no findings or conclusions concerning any grounds for the property award other than a marriage-equivalent under Utah Code Ann. § 30–1–4.5, which we have held to be inapplicable in view of its effective date. There are likewise no findings or conclusions concerning custody and child support,[9] or concerning the effect on Helen's property rights of the unsigned, undated notation. Since we do not consider the evidence in the first instance,[10] we reverse and remand for such further findings and orders based thereon as the trial court deems appropriate.

DAVIDSON and BENCH, JJ., concur.

---

**5.** Utah Code Ann. § 48–1–3 (1989); *Cutler v. Bowen,* 543 P.2d 1349, 1351 (Utah 1975). Partnership doctrines have sometimes been applied to relationships between unmarried cohabitants. *E.g., Cook v. Cook,* 691 P.2d 664 (Ariz.1984).

**6.** *Edgar v. Wagner,* 572 P.2d 405 (Utah 1977); *Marvin v. Marvin,* 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976).

**7.** *See Ashton v. Ashton,* 733 P.2d 147 (Utah 1987); *In re Hock,* 655 P.2d 1111 (Utah 1982); *cf. Mattes v. Olearain,* 759 P.2d at 1181–82.

**8.** Utah Code Ann. Title 78, Chapter 39 requires investigation of property title and certain procedural safeguards before partition may be granted. It does not appear from the record that these requirements have yet been satisfied.

**9.** *See Jefferies v. Jefferies,* 752 P.2d 909 (Utah App.1988) (remanded for lack of findings on support of adult handicapped child).

**10.** *Zion's First Nat'l Bank, N.A. v. National Am. Title Ins. Co.,* 749 P.2d 651, 654 (Utah 1988).