Anita L. BARBER (Dumesnil), Plaintiff and Appellant,

v.

Eugene L. BARBER, Defendant and Appellee.

No. 880615–CA.

Court of Appeals of Utah.

May 14, 1990.

Rehearing Denied June 8, 1990.

---

Richard L. Bird, Jr., Salt Lake City, for plaintiff and appellant.

Connie L. Mower, Salt Lake City, for defendant and appellee.

Before DAVIDSON, JACKSON and LARSON,[1] JJ.

## OPINION

DAVIDSON, Judge:

Anita L. Barber appeals from the property division of her divorce from Eugene Barber and from the court's termination of temporary alimony. We affirm.

Anita and Eugene became acquainted in 1976. Anita owned a house at the time, which had been awarded to her in an earlier divorce. In December 1976, Eugene and his children moved into the house with Anita. At about that time, Eugene finished the basement and constructed a patio deck with the help of Anita's sons. He also improved the landscaping and bought some new furniture, some of which replaced part of Anita's furniture. There was no discussion between the parties about their legal rights in relation to these improvements, although at one point after the improvements were made, Anita refused to put the house in joint tenancy.

Throughout the parties' relationship, the greater part of the household expenses, including the home mortgage, were paid by Eugene. Anita has relatively few employment skills and little work experience. She was employed at the time of trial, but only occasionally during the marriage did she work outside the home. She received alimony from her prior husband until 1978, and she also received child support for her children.

After living together for about two years, Anita and Eugene were married in November 1978. They had no children from their union, but both had children from their prior marriages. They separated in August 1983, and Anita began living with another man. Despite a rather heated evidentiary dispute about when this cohabitation began, some evidence indicated, and the trial court found, that it began in the fall of 1983.

Anita filed for divorce in May 1984. The case was tried in March 1985, but Eugene failed to appear. The court nevertheless heard testimony from Anita, granted a divorce, awarded temporary alimony, and reserved the issues of permanent alimony, property, and attorney fees. A subsequent evidentiary hearing was held in 1987, after which Anita moved to again reopen and introduce evidence of the parties' financial condition, but her motion was denied. After lengthy disputation over the details of the findings, the wording of the decree, and the specifics of the personal property

---

1. John Farr Larson, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1989).

distribution, a decree was finally entered. Anita appeals.

Anita's principal[2] arguments on appeal are: (1) the improvements to her home by her then husband-to-be became her separate property, and the trial court could not equitably divide that property in the later divorce; (2) the property division is inequitable because it fails to take into consideration the fact that the furniture Eugene bought replaced equivalent furniture of Anita's; and (3) the final decree terminates temporary alimony prematurely.

Anita's first argument is premised on holdings in cases such as *Layton v. Layton,* 777 P.2d 504, 505 (Utah Ct.App. 1989), and *Mattes v. Olearain,* 759 P.2d 1177, 1181 (Utah Ct.App.1988), in which we concluded that, under pre-1987 law,[3] the property of unmarried cohabitants is not subject to equitable distribution as in cases of divorce. However, Anita's argument completely ignores the fact that these parties were eventually married, and it is well-settled that premarital or separate property may, under proper circumstances, be subject to equitable division upon divorce.[4] Anita also fails to show how the improvements that Eugene made to the house became her separate property. Anita clearly does not establish the essential premises of her reliance on *Layton* and *Mattes.*

In relation to the division of personal property, Anita notes that Eugene replaced furniture that was originally hers with new furniture. Anita then argues that the new furniture should be treated as her separate, premarital property because it replaced old furniture that was her separate property. No legal theory has been suggested to us to justify holding that a chair bought by Eugene becomes Anita's separate property due to the fact that it now stands where a chair owned by Anita once stood. Moreover, even if the replaced furniture had become Anita's separate property, it would nevertheless be subject to equitable division upon divorce, as we have noted above.

Finally, Anita questions the termination of temporary alimony. Judge Brian apparently based that termination on his finding that Anita was cohabiting with another man. Neither of the parties seriously disputes that, under Utah law, cohabitation warrants termination of alimony. *See* Utah Code Ann. § 30–3–5(6) (1989). Rather, Anita's attack on the termination of alimony is simply an attack on the finding of cohabitation. However, in that attack, she wholly fails to take into account our standard of review. We do not reverse a trial court's finding of fact unless the appellant marshals all evidence relevant to the finding and then shows the finding to be clearly erroneous.[5] Anita has neither marshaled the relevant evidence nor shown the finding to be clearly erroneous. We therefore uphold the termination of temporary alimony.

Anita's arguments on which this appeal is based are thus without merit. This was a frivolous appeal.[6] In such a case, we may award double costs to the appellee. Utah R.App.P. 33(a).

Affirmed, but remanded for taxing, under Utah R.App.P. 34, of twice the amount of costs incurred on appeal.

JACKSON and LARSON, JJ., concur.

2. Anita included in her brief additional arguments on evidence, unfair prejudice by the trial judge, and other matters. These arguments clearly lack merit and do not warrant discussion in this opinion. *See State v. Carter,* 776 P.2d 886, 888 (Utah 1989).

3. For current law, *see* Utah Code Ann. § 30–1–4.5 (1989).

4. *Noble v. Noble,* 761 P.2d 1369, 1373 (Utah 1988); *Mortensen v. Mortensen,* 760 P.2d 304, 308 (Utah 1988); *Burke v. Burke,* 733 P.2d 133

(Utah 1987); *Painter v. Painter,* 752 P.2d 907, 908 (Utah Ct.App.1988); *Peterson v. Peterson,* 748 P.2d 593, 594 (Utah Ct.App.1988).

5. *In re Estate of Bartell,* 776 P.2d 885, 886 (Utah 1989); *Davis v. Davis,* 749 P.2d 647, 648 (Utah 1988).

6. Utah R.App.P. 33(b); *Eames v. Eames,* 735 P.2d 395, 398 (Utah Ct.App.1987); *Porco v. Porco,* 752 P.2d 365, 369 (Utah Ct.App.1988); *cf. Maughan v. Maughan,* 770 P.2d 156, 162 (Utah Ct.App.1989).