JIM K. NICHOLAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nicholas v. Commissioner
Docket No. 5111-90
United States Tax Court
T.C. Memo 1991-393; 1991 Tax Ct. Memo LEXIS 458; 62 T.C.M. (CCH) 467; T.C.M. (RIA) 91393; August 12, 1991, Filed *458 Decision will be entered for the respondent. Jim K. Nicholas, pro se. Joel A. Lopata, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b)(3). Unless indicated otherwise, all section references are to the Internal Revenue Code as in effect for the year in issue. Respondent determined a $ 285 deficiency in petitioner's 1987 Federal income tax. The only issue for decision is whether petitioner is entitled to a claimed exemption. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Salt Lake City, Utah, at all times herein relevant, including when he filed his petition. Petitioner and Debbie L. Fox began living together as an unmarried couple in 1980. Ms. Fox's son by a previous marriage, Quinn L. Fox, also lived with them. On February 28, 1981, Ms. Fox gave birth to petitioner's daughter, Taya Jo Nicholas. Ms. Fox accepted an engagement ring from petitioner shortly after the birth of Taya Jo in 1981. However, because of unpleasant experiences from her previous *459 marriage, Ms. Fox was reluctant to remarry at that time. Nevertheless, from that point forward most people with whom petitioner and Ms. Fox were related and socially acquainted accepted them as husband and wife for all practical purposes. Petitioner and Ms. Fox intended to marry in the future. On November 17, 1989, petitioner and Ms. Fox were married by a Justice Court Judge in Weber County, Utah. Prior to this ceremony they had never exchanged any vows of marriage, either formally or informally, to one another. Nor was their previous relationship ever recognized as a legal and valid marriage by way of any court or administrative order. During the years they lived together, including 1987, Ms. Fox was a homemaker. Petitioner provided full financial support for Ms. Fox and the two children. Petitioner filed his 1987 Federal income tax return claiming head of household filing status. On his return he claimed dependency exemptions for Taya Jo Nicholas, Quinn L. Fox, and Ms. Fox. Respondent disallowed the exemption claimed for Ms. Fox. Petitioner argues that as of the close of 1987 the relationship between he and Ms. Fox constituted a legal and valid "common law" marriage under *460 Utah law. Therefore, petitioner now contends that he is entitled to an exemption for Ms. Fox as his "common law" spouse. Alternatively, petitioner argues that because he provided Ms. Fox's full support during 1987 he is entitled to an exemption for her as a dependent, as claimed on his return. Respondent contends that the relationship between petitioner and Ms. Fox was not a "common law" marriage under Utah law during 1987, and, therefore, petitioner is not entitled to an exemption for Ms. Fox as his spouse. Respondent further contends that because their relationship was in violation of Utah law, petitioner is also not entitled to an exemption for Ms. Fox as a dependent. Respondent's deficiency determination is presumed correct. Petitioner bears the burden of proving otherwise. Rule 142(a), Tax Court Rules of Practice and Procedure.
Exemptions provided by section 151 are allowed as deductions in computing taxable income. Sec. 151(a). Section 151(b) allows an exemption for the taxpayer and an additional exemption for the taxpayer's spouse if a joint return is not made, the spouse does not have gross income for the year, and the spouse is not the dependent of another taxpayer. *461 Section 151(c)(1) also allows additional exemptions for dependents of the taxpayer, providing certain requirements are met. Section 152(a) defines "dependent" as certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Among those included within the definition is an "individual (other than an individual who at any time during the taxable year was the spouse * * * of the taxpayer) who, for the taxable year of the taxpayer, has as * * * [her] principal place of abode the home of the taxpayer and is a member of the taxpayer's household." However, for purposes of section 152, an "individual is not a member of the taxpayer's household if at any time during the taxable year of the taxpayer the relationship between such individual and the taxpayer is in violation of local law." Sec. 152(b)(5). In Utah, any unmarried person who voluntarily engages in sexual intercourse with another is guilty of fornication. Utah Code Ann. sec. 76-7-104 (1990). In 1987, the Utah legislature enacted Utah Code Ann. section 30-1-4.5 (1989), providing: 30-1-4.5. Validity of marriage not solemnized. (1) A *462 marriage which is not solemnized according to this chapter shall be legal and valid if a court or administrative order establishes that it arises out of a contract between two consenting parties who: (a) are capable of giving consent; (b) are legally capable of entering a solemnized marriage under the provisions of this chapter; (c) have cohabited; (d) mutually assume marital rights, duties, and obligations; and (e) who hold themselves out as and have acquired a uniform and general reputation as husband and wife
(2) The determination or establishment of a marriage under this section must occur during the relationship described in Subsection (1), or within one year following the termination of that relationship. Evidence of a marriage recognizable under this section may be manifested in any form, and may be proved under the same general rules of evidence as facts in other cases.
Prior to 1987, Utah did not recognize common-law marriages. Layton v. Layton, 777 P.2d 504, 505 (Utah App. 1989); Mattes v. Olearain, 759 P.2d 1177, 1181 (Utah App. 1988), cert. denied 773 P.2d 45 (Utah 1989). The parties agree that if *463 we find the relationship between petitioner and Ms. Fox met the requirements of the above statute in 1987, then it may be recognized as a legal and valid marriage in that year. See Utah Code Ann. sec. 30-1-6(1)(c) (1989). We apply the law of the State of Utah to determine whether the relationship between petitioner and Ms. Fox was a legal and valid marriage during 1987. Neither petitioner nor respondent has furnished us with any Utah cases addressing this particular issue, and we have not been able to find such authority. Therefore, in this situation, we must determine, as best we can, what the highest court of Utah would hold on the question presented. Commissioner v. Estate of Bosch, 387 U.S. 456, 465, 18 L. Ed. 2d 886, 87 S. Ct. 1776 (1967). A relationship which satisfies the requirements of Utah Code Ann. section 30-1-4.5 (1989) is recognized as a legal and valid marriage. Such a marriage places the same legal rights, duties, and obligations upon the parties as if they had entered a solemnized marriage. See generally tit. 30, Utah Code Ann. In this case, it is clear that petitioner and Ms. Fox did not intend to be married during 1987. When asked why she and petitioner waited so long *464 to marry after accepting an engagement ring in 1981, Ms. Fox replied: Because my first marriage wasn't very good, * * * I didn't know if I wanted to go through the legal procedures of doing it again, because it was such a pain to go through the divorce with my first husband.
This testimony leads us to believe that Ms. Fox was not ready or willing to accept the legal consequences of marriage, whether solemnized or not, before she and petitioner were married in 1989. Therefore, petitioner and Ms. Fox did not meet the requirement of subsection (d) of the Utah statute. Accordingly, we find that the relationship between petitioner and Ms. Fox during 1987 did not constitute a marriage arising "out of a contract between two consenting parties." Furthermore, despite their reputation among family and acquaintances, we have some doubt as to whether petitioner and Ms. Fox held themselves out as husband and wife, as required by subsection (d) of Utah Code Ann. section 30-1-4.5 (1989). We note that petitioner did not originally claim Ms. Fox as his spouse on his 1987 Federal income tax return. Instead, he filed his return as head of household and claimed her as a dependent. Based *465 on the foregoing, we hold that petitioner and Ms. Fox did not have a valid "common law" marriage during 1987. Therefore, petitioner is not entitled to an exemption for Ms. Fox as his spouse. Furthermore, because petitioner admits that he and Ms. Fox cohabitated, and had sexual relations, during 1987, we find their relationship to be in violation of local law. Accordingly, he is also not entitled to an exemption for Ms. Fox as a dependent. Decision will be entered for the respondent.